UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
COURT FILE NO.:_____

BULLIE GUMANI, on behalf
of himself and all others similarly situated,

    Plaintiff,      **CLASS ACTION COMPLAINT**

v.

     **JURY TRIAL DEMANDED**

HUNTINGTON DEBT HOLDINGS, LLC,
and CENTRAL MEDIATION SERVICES,

    Defendants.

---

Plaintiff, Bullie Gumani, individually, and on behalf of all others similarly situated, brings this class action complaint for damages against Huntington Debt Holdings LLC and Central Mediation Services under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (the "FDCPA" or the "Act"), because the Defendants' methods of collecting debt violates 15 U.S.C. §§ 1692b(3); 1692c(a)(3); §1692d; §1692d(6); 1692e(2)(a); 1692e(5); 1692e(10); and 1692e(11); and 1692g of the Act, and state:

## JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

2. This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

3. Venue is proper in this district because the acts and transactions occurred here, Plaintiff resides in this district, and Defendants transacts business here.

## PARTIES

4. Plaintiff Bullie Gumani (hereinafter "Plaintiff"), is a natural person residing in the County of Hennepin, State of Minnesota, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5. Defendant, Huntington Debt Holdings, LLC (hereinafter "Defendant Huntington"), is a New York corporate entity operating from an address of 128 Church St, East Aurora, NY 14052, and has a DOS Process address listed at C/O Corporation Service Company, 80 State Street, Albany, NY, 12207-2543.

6. Defendant Huntington is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) of the FDCPA because it regularly collects or attempts to collect debts by using the U.S. mail or telephone for that purpose.

7. Defendant, Central Mediation Services, (hereinafter "Defendant CMS"), is a corporate entity operating from an unknown address, calling from (888) 632-5159.

8. Defendant CMS is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) of the FDCPA because it regularly collects or attempts to collect debts by using the U.S. mail or telephone for that purpose.

# FACTUAL SUMMARY
## BACKGROUND

9. Plaintiff incurred a financial obligation in the form of a payday loan, which was primarily for personal, family or household purposes, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

10. Sometime thereafter, Plaintiff fell behind in his payments on the debt.

11. The debt was then assigned, consigned, or otherwise transferred to Defendant Huntington in order to attempt to collect the outstanding balance.

12. Defendant Huntington, directly or through its agents, regularly attempts to collect consumer debts in Minnesota by using the mail and telephone.

13. In its collection efforts, Defendants, directly or through its agents, by custom and practice, uses threats and misrepresentations to obtain money from consumers.

14. These threats include threats of nonexistent pending litigation and insinuation of criminal conduct on the part of consumers.

15. Moreover, Defendants, directly or through their agents, unlawfully misrepresents itself to be legal processors, mediators, and other entities which it is not.

16. By doing so, Defendants knowingly violate and/or condone violations of the FDCPA.

17. Upon information and belief, using these unlawful tactics, Defendants unlawfully obtain funds in consumer payments, engender fear, and cause emotional damage to consumers.

18. In connection with the facts, events, and averments herein, Defendants acts willfully and maliciously, with spite and ill will, and/or with reckless disregard for the rights of consumers in Minnesota in general, and Plaintiff in particular.

19. Within the past year, Plaintiff received calls on his telephone from Defendants and/or their agents, demanding money in connection with an allegedly outstanding payday loan.

20. Plaintiff never authorized Defendants or their agents to contact Plaintiff.

21. Defendants, directly or through their agents, demanded sums to which they were not entitled by law and/or contract.

22. Defendants, directly or through their agents, made threats against Plaintiff for the purpose of extorting the payment on funds.

**DEFENDANTS' COLLECTION EFFORTS AGAINST PLAINTIFF**

23. In November 2016, Defendants called Plaintiff's work in an attempt to collect the alleged outstanding balance.

24. During the conversation, Plaintiff told Defendants to refrain from calling him at his work.

25. On January 10, 2017, Defendants left a message on Plaintiff's work phone.

26. On January 11, 2017, Defendants left a message on Plaintiff's cell phone.

4

27. On January 12, 2017, Defendants called Plaintiff and left yet another message on Plaintiff's cell phone.

28. All of the messages left on Plaintiff's telephone, Defendants failed to properly identify itself and thus did not meaningfully disclose its identity.

29. In the messages left on Plaintiff's telephone, Defendants did not state that the communication was from a debt collector.

30. In the messages left on Plaintiff's telephone, Defendants did not state that the communication was an attempt to collect a debt.

## THE AFTERMATH OF DEFENDANTS' COLLECTION EFFORTS AGAINST PLAINTIFF

31. Defendants' collection efforts were false, deceptive, and misleading representations in connection with the character of the debt.

32. Defendants' collection calls to Plaintiff were harassing.

33. Plaintiff felt threatened by Defendants' actions, and Plaintiff has sustained emotional and related psychological injury.

34. Defendants, directly or through their agents, did not send Plaintiff a statement of his rights as required by law.

35. Defendants' collection efforts constitute false representations and deceptive means to collect the alleged outstanding balance from Plaintiff.

36. After the initial telephone call to Plaintiff, Defendants failed to send Plaintiff a 30-day validation notice within five days of the initial communication.

37. Defendants' actions of failing to provide Plaintiff with a 30-day validation

notice within five days of the initial communication exemplify a systematic and deliberate practice of violating the FDCPA through their attempt to collect the debt.

38. Because of this practice, Plaintiff was deprived of his ability to pursue a legitimate dispute as to the amount owed.

39. By not receiving notice within five days, Plaintiff was not aware of his right to dispute the alleged debt, especially in regard to the claim concerning pending litigation, and therefore was unable to do so even though he has legitimate concerns with the underlying debt.

40. While Defendants commenced communicating and contacting Plaintiff sometime around November 2016, Defendants did not advise Plaintiff with required contact information relating to the required notice stating that the calls were made by a debt collector in an attempt to collect a debt and that information obtained would be used for that purpose; that said calls continued into January 2017; that on information and belief, Defendants keep electronic generated records of such calls and Plaintiff intends to obtain telephone records of such telephone calls and Plaintiff intends to obtain telephone calling records of the Defendants through discovery conducted in this case.

41. That Plaintiff, upon information and belief, alleges that through the discovery process additional instances of violations of the FDCPA and/or other statutes will be revealed, and that Plaintiff reserves the right to amend this complaint

upon receipt of discovery responses, including activities that might include and evince a wrongful, malicious, and/or reckless disregard for the rights of third persons.

42. Defendants' communications violate the Fair Debt Collection Practices Act.

43. Plaintiff has complied with all conditions precedent to bring this action.

44. The conduct of Defendants are violations of numerous provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692b(3); 1692c(a)(3); §1692d; §1692d(6); 1692e(2)(a); 1692e(5); 1692e(10); and 1692e(11); and 1692g.

## CLASS ALLEGATIONS

45. Plaintiff brings this action individually and as a class action, pursuant to Rules 23(a) and 23(b) of the Federal Rules of Civil Procedure, on behalf of the following Class:

   *ALL CONSUMERS IN THE STATE OF MINNESOTA WHO EXPERIENCED COLLECTION EFFORTS, IDENTICAL OR SIMILAR TO PLAINTIFF, WITHIN ONE (1) YEAR FROM THE DATE OF THE FILING OF THIS ACTION.*

46. Defendants regularly engage in debt collection practices similar to that experienced by Plaintiff in its attempts to collect from other consumers.

47. The Class, upon information and belief, consists of more than fifty (50) people from whom Defendants attempted to collect consumer debts by harassing and deceptive practices such as the ones Plaintiff suffered.

48. The Plaintiff's claims are typical of the claims of the Class. Common questions of law or fact raised by this class action complaint affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

49. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not a party to the adjudication, or substantially impair or impede their ability to protect their interests. The Defendants have acted in a manner applicable to the Class as a whole that warrants relief.

50. Plaintiff Bullie Gumani will fairly and adequately protect and represent the interests of the Class. The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class because the Defendants' conduct was perpetrated on all members of the Class, and will be established by common proof. Moreover, Plaintiff has retained counsel experienced in actions involving class actions and consumer protection laws, including the FDCPA.

8

## RESPONDEAT SUPERIOR LIABILITY

51. The acts and omissions of Defendants, and/or the other debt collectors employed as agents by Defendants who communicated with Plaintiff – further described herein – were committed within the time and space limits of their agency relationship with their principal, Defendants.

52. The acts and omissions by Defendants and/or these other debt collectors were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendants in collecting consumer debts.

53. By committing these acts and omissions against Plaintiff, Defendants and these other debt collectors were motivated to benefit their principal, Defendants.

54. Defendants are therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of federal law by its collection employees, including but not limited to violations of the FDCPA and Minnesota law, in their attempts to collect this debt from Plaintiff.

## STANDING

55. The above-detailed conduct by Defendants were violations of numerous and multiple provisions of the FDCPA, including but not limited to the provisions of the FDCPA identified above.

56. Plaintiff has suffered an injury in fact that is traceable to Defendants' conduct

9

and that is likely to be redressed by a favorable decision in this matter.

57. Specifically, Plaintiff suffered a concrete informational injury as a result of Defendants' failure to provide truthful information in connection with its attempt to collect an alleged debt from Plaintiff, which is more fully stated herein.

58. Because of the Defendants' violations, Plaintiff was confused about his rights as a consumer.

59. Plaintiff has suffered actual damages as a result of Defendants' illegal collection communications in the form of sleeplessness; fear of answering the phone and door; nervousness; feelings of guilt, worthlessness, helplessness; restlessness, irritability; and Defendants' collection campaign has had a negative impact on Plaintiff's job.

60. Defendants' violations of FDCPA provisions denied Plaintiff access to truthful information, which is a concrete form of informational injury under Article III, and the denial of that information is on its own sufficiently concrete.

61. Defendants' violations of FDCPA provisions illustrates the risk of tangible harm from debt-collector misrepresentations, which is an increased risk of harm that itself supports standing here.

62. Defendants' actions constitute an injury that is personal to Plaintiff, and is not a nonjusticiable generalized grievance.

63. Defendants' negligent and/or intentional acts resulted in the violation of

numerous provisions of federal law and resulted in actual damages to the Plaintiff.

## TRIAL BY JURY

64. Plaintiff is entitled to and hereby respectfully demands a trial by jury. U.S. Const. amend. 7. Fed.R.Civ.P. 38.

## CAUSES OF ACTION

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692 et seq.

65. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

66. The foregoing acts and omissions of Defendants and their agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq., with respect to Plaintiff.

67. As a result of Defendants' violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendants herein.

## COUNT II

## INVASION OF PRIVACY

68. Plaintiff incorporates by reference all preceding paragraphs as though fully stated herein.

69. Defendants intentionally intruded upon Plaintiff's solitude, seclusion, and private concerns and affairs during the attempted to collect a debt against Plaintiff.

70. Defendants' intrusion was substantial, highly offensive to Plaintiff, and would be highly offensive and objectionable to any reasonable person in Plaintiff's position.

71. Plaintiff had a legitimate expectation of privacy in his solitude, seclusion, and private concerns and affairs.

72. As a result of Defendants' intrusion, Plaintiff has suffered emotional distress, out-of-pocket loss, and is entitled to an award of actual damages in an amount to be determined at trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully asks that a judgment be entered against Defendants for:

- An award of actual damages, pursuant to 15 U.S.C. § 1692k(a)(1); An award of statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A); An award of costs and reasonable attorneys' fees in favor of Plaintiff, pursuant to 15 U.S.C. § 1692k(a)(3);

- An order be entered certifying the proposed Class under Rule 23 of the Federal Rules of Civil Procedure and appointing Plaintiff and his counsel to represent the Class;

- awarding Plaintiff damages caused by Defendants' invasion of his privacy; and

- Such other and further relief as may be just and proper.

Dated: June 14, 2017

Respectfully submitted,

**GONKO & VAVRECK, PLLC**

*s/ Mark L. Vavreck*
Mark L. Vavreck
MN Bar No. 318619
Designer's Guild Building
401 North Third Street, Suite 600
Minneapolis, MN 55401
Telephone: 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
Facsimile: 612-659-9220
mvavreck@cgmvlaw.com

Thomas J. Lyons, Jr., Esq.
Attorney I.D. #: 249646
**CONSUMER JUSTICE CENTER, P.A.**
367 Commerce Court
Vadnais Heights, MN 55127
Telephone: (651) 770-9707
Facsimile: (651) 704-0907
Email: tommycjc@aol.com

*ATTORNEYS FOR PLAINTIFF*

## **VERIFICATION OF COMPLAINT AND CERTIFICATION BY PLAINTIFF**

STATE OF MINNESTOA      )
                        ) ss
COUNTY OF Hennepin      )

I, Bullie Gumani, having first been duly sworn and upon oath, depose and say as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass Defendants, cause unnecessary delay to Defendants, or create a needless increase in the cost of litigation to Defendants, named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

_B. Gumani_
Bullie Gumani

Subscribed and sworn to before me this 14th day of June 2017.

_____
Notary Public



STACIE A JARVEY
NOTARY PUBLIC - MINNESOTA
MY COMMISSION EXPIRES 01/31/2018

14